Curia, per

Evans, J.
I have looked into the agreement and the declaration in this case. The declaration is in the common form, setting out the agreement, and averring a general performance on the plaintiff’s part. The plea alleges three breaches; first, that the plaintiff did not plant the quantity of corn and oats stipulated in the agreement; second, that he did not take proper care of the negroes, and horses, mules, &c. : third, that he did not take proper care of the crop made on the plantation. These were the breaches alleged, and upon which the issues were founded, as I suppose, for no part of the pleadings, subsequent to these, have been furnished the Court. Upon this state of the pleadings, and the report of the presiding Judge, this case is to be decided.
On the first ground, I would remark that, if there had been no proof of performance, or the plaintiff had proved a different contract from the one set forth in the declaration, or if the consideration consisted of various parts, as in Brooks vs. Lowry, (1 N. & McC. 342,) and they were not set out *in the declaration, and substantially proved on the trial, the plaintiff must have failed ; but in this case, every part of the contract is set out, and performance of the whole averred. Now, if the plaintiff had offered no proof of performance, he should have been non-suited. But as some evidence was offered on -this point, and as this evience was satisfactory both to the jury and the presiding Judge, this Court is not disposed to disturb the verdict on that ground.
The second and the sixth ground are substantially the same, and involve the question made in the third assigned breach, to wit, that the plaintiff did not perform his duty in gathering the fodder and in packing the cotton. The evidence of default in these particulars is very strong, and I certainly should not have been disposed to disturb the verdict if the jury had found for the defendant. But my experience has taught me that a jury who know the parties and the witnesses is much more competent to decide pure questions of fact, than a Judge who is an entire stranger. And if to this be added, that the Judge who heard the evidence and understood the case much better than 1 can from a written report, has certified that he is satisfied with the verdict, I think it would be unwise to interfere. I would not have it understood, that by the sanction of this Court, juries are to be allowed without control to sport with the rights of litigants in court. If they undertake to decide without evidence, or capriciously to disregard the facts of the case, a new trial ought to, and so far as depends on me, will, be granted. But I cannot say it has been done in this case ; and the defendant’s motion on these grounds must fail.
As to the third ground, which alleges error in the charge of the presiding Judge, in relation to some small departures of the plaintiff from his duty, I agree with him. The facts were known to the defendant when they occurred. It might have justified her in putting an end to the contract, or entitled her to an abatement in the price by way of discount; but surely it cannot be allowed, after an overseer has served faithfully to the end of the year in all other particulars, that his employer shall avoid the payment of the whole wages for some fault committed in the begin *327 ning of the year. I concur with the presiding Judge (a) “that the defendant’s knowledge and subsequent acceptance of the plaintiff’s services as her overseer, was a waiver of them as grounds to rescind the contract.” I think the Judge decided correctly in rejecting the evidence in relation to the negroes’ crops. If it were a part of his duty as overseer under the contract, it should have been assigned as a breach, or some notice as a discount should have been given to enable him to meet the charge.
A. W Thompson, for the motion. Dawkins, contra.
In relation to the fifth ground, I would remark that this Court does not agree with the presiding Judge, that the overseer’s Act of 1747, (b) is obsolete. I am not aware of any attempt to enforce it, but I do not think the non user has been long enough or sufficiently established to declare the Act *obsolete. In all other respects, the opinion of the Judge is correct, and needs no further illustration.
Upon the whole, I am unable to discover any error in the charge of the judge or the verdict of the jury which would authorize the interference of this Court; and the motion is refused.
Gantt, Richardson, Earle, and Butler, concurred.

а) McCracken vs. Hair, 2 Sp. 258. An.

 3 Stat. 697; see 10 Rich. 131; 11 Rich. 172. An.